**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**EARNEST LADD**                                                                  **PLAINTIFF**

**v.**                                                                                                                      **No. 2:10CV99-P-S**

**SHERIFF BILL RASCOE, ET AL.**                                            **DEFENDANTS**

**REPORT AND RECOMMENDATION**

On October 6, 2010, plaintiff Earnest Ladd, an inmate in the custody of the Central Mississippi Correctional Facility with inmate number 160900, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

The plaintiff claims that the defendants conspired to ensure that he did not have access to an adequate legal library, WestLaw, flex pens, paper, stamped envelopes, notary services, access to a photocopier – all of which hampered his ability to prepare a defense in his criminal case that went to trial on May 17, 2010. The plaintiff believes he could have better assisted his public defender if he had been given access to these materials. He also claims that he did not receive a speedy trial because ten months passed from the time he was arrested until he was indicted.

---

[1] 28 U.S.C. § 1915(g).

## Denial of Access to the Courts

The plaintiff's claim that he was denied access to the courts must be dismissed. Under the Supreme Court's decision in *Bounds v. Smith*, 430 U.S. 817, 821 (1977), prisoners possess a constitutional right of access to courts, including having the "ability . . . to prepare and transmit a necessary legal document to court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994)). The right of access to the courts is limited to allow prisoners opportunity to file nonfrivolous claims challenging their convictions or conditions of confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Interference with a prisoner's right to access to the courts, such as delay, may result in a constitutional deprivation." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (citations omitted). However, "[a] denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *cert. denied,* 504 U.S. 988 (1992) (citing *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988)). It is only when a prisoner suffers some sort of actual prejudice or detriment because of the alleged denial of access to the courts that the allegation becomes one of a constitutional nature. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *see Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). A plaintiff must show real detriment, *i.e.*, true denial of access, such as the loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding. *See Oaks v. Wainwright*, 430 F.2d 241 (5th Cir. 1970). The plaintiff in this case has not shown that his alleged lack of access to legal materials prejudiced his criminal defense. In addition, the plaintiff enjoyed the services of appointed counsel to defend him, and, as such, his attorney

provided the required access to the courts. For these reasons, the plaintiff's allegation that the defendants denied his access to the courts should be dismissed for failure to state a constitutional claim.

### *Heck v. Humphrey*

In addition, the plaintiff's claim that the defendants violated his right to a speedy trial must be dismiss under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In *Heck*, the Supreme Court clarified the interrelationship between actions under 42 U.S.C. § 1983 and *habeas corpus* proceedings. There is no requirement of "exhaustion" of *habeas corpus* remedies in order to proceed on a claim under § 1983. Rather, a § 1983 damage claim that calls into question the lawfulness of conviction or confinement or otherwise demonstrates the invalidity of the conviction or confinement is simply not cognizable under § 1983 until the § 1983 plaintiff is able to

> prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 114 S. Ct. at 2372; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) .

In this case, the plaintiff's success in his claim for damages against the defendants would necessarily draw into question the validity of his conviction or sentence. Therefore, the plaintiff must "demonstrate that the conviction or sentence has already been invalidated," *Heck*, 114 S. Ct. at 2372, in order for the § 1983 cause of action to accrue. Plaintiff has not done so. As such,

the undersigned respectfully recommends that this claim must be dismissed.

## Claims Must Fail Against Individual Defendants

The plaintiff's claims against Sheriff Bill Rascoe must be dismissed because the plaintiff sued him solely because of his supervisory position, and § 1983 liability cannot be based upon a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978); *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). In addition, the plaintiff's claims against Judge Robert P. Chamberlin and Assistant District Attorney Smith V. Murphy must be dismissed because neither of these defendants had any personal involvement in the claims at issue, and because judges and prosecutors enjoy absolute immunity from suit when the issues involve their respective roles as judges or advocates. *See Monell, supra* (personal involvement required to sustain § 1983 claim); *Forrester v. White*, 484 U.S. 219 (1988) (discussing judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997); *Spivey v. Robertson*, 197 F.3d 722, 726 (5th Cir. 2000) (discussing prosecutorial immunity). The plaintiff made clear at the *Spears* hearing that his claims against Judge Chamberlin arose out of his role as a judicial officer, and the claims against Assistant District Attorney Murphy arose out of his role as an advocate for the state. Therefore, the plaintiff's claims against these two defendants should be dismissed with prejudice for failure to state a claim.

In sum, the undersigned respectfully recommends that all of the plaintiff's allegations be dismissed for failure to state a claim upon which relief could be granted.

## Handling of Objections, Acknowledgment of Receipt

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written

objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted this 14th day of October, 2010.

/s/ David A. Sanders  
DAVID A. SANDERS  
UNITED STATES MAGISTRATE JUDGE